**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5816-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WAYNE I.  HODGES,

     Defendant-Appellant.

_____

          Submitted November 18, 2019 – Decided April 9, 2020

          Before Judges Rothstadt and Mitterhoff.

          On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 11-02-0192 and12-02-0092.

          Joseph E. Krakora, Public Defender, attorney for appellant (David J. Reich, Designated Counsel, on the brief).

          Jennifer Davenport, Acting Union County Prosecutor, attorney for respondent (Carlos Paul Morrow, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Wayne I. Hodges appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, substantially for the reasons expressed by Judge Lisa Miralles Walsh in her twenty-nine-page written decision that accompanied the order denying defendant's petition.

Defendant was convicted by a jury under one indictment for having committed two counts of first-degree robbery, N.J.S.A. 2C:15-1, and other crimes associated with his and his codefendants' robbery of two victims at gunpoint. Prior to his sentencing on this conviction, he pled guilty under an unrelated indictment to another count of first-degree robbery, N.J.S.A. 2C:15-1. Thereafter, the trial court sentenced defendant on both indictments to an aggregate term of twenty years, subject to a parole disqualification period under the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal, arguing issues relating to the trial court's dismissal of a juror, denying his motion for acquittal, and imposing an excessive sentence. Defendant also contended that he was prejudiced by the prosecutor's use of peremptory challenges, and that the trial court's jury charge was erroneous. We affirmed defendant's conviction and sentence in an unpublished opinion. State v. Hodges, No. A-2235-12 (App. Div. July 12, 2016) (slip op. at

2). The Supreme Court denied defendant's petition for certification. State v. Hodges, 228 N.J. 84 (2016).

The facts underlying defendant's conviction are set forth in detail in our earlier opinion and need not be repeated. See Hodges, slip op. at 3-4. Suffice it to say, as it related to his PCR petition, prior to trial, defense counsel successfully moved to suppress text messages between defendant's codefendants, J.O. and J.B.[1], as the messages failed to demonstrate defendant's role in the conspiracy as charged in the indictment to rob one of the victims. The suppression of that evidence led to the dismissal of a significant charge that was to be presented to the jury as well.[2]

Additionally, at trial, two codefendants and one of the two victims identified defendant in court as one of the participants in the crimes. The other victim was not asked to make an in-court identification of defendant. One codefendant participated in an out-of-court identification of defendant, as did the victim who was not asked to identify defendant at trial. In his out-of-court

---

[1] We use initials to protect individual's privacy interests.

[2] The dismissal was as to the third count of the indictment that charged defendant with first-degree use of a person seventeen years old or younger to commit a crime, N.J.S.A. 2C:24-9.

identification, that victim selected defendant's photograph after being presented with a photo array at the police station a few days after the incident.

Defense counsel did not seek a pretrial Wade[3] hearing because at the time he believed that all of the witnesses knew defendant from the neighborhood or their common school. During trial, the victim who did not identify defendant, explained that he never saw defendant before and that he was not sure he selected the correct photograph in the first instance. In response, defense counsel again did not pursue a Wade hearing although it was discussed with the trial court.

Defendant filed a pro se PCR petition on October 19, 2016, in which he argued that his plea should be withdrawn "pursuant to manifest injustice," his trial counsel provided ineffective assistance of counsel (IAC), and there was "newly discovered evidence." An amended PCR petition and a brief were filed on defendant's behalf, in which he argued that: trial counsel provided IAC by seeking to suppress the text messages, failing to request a Wade hearing, and not arguing certain mitigating factors at defendant's sentencing. In a certification also filed by defendant, he stated that he wanted the text messages read to the jury to establish that he was not part of the conspiracy. According

---

[3] United States v. Wade, 388 U.S. 218, 241-42 (1967).

A-5816-17T4

to defendant, the fact that he did not participate in the texting that preceded the crimes demonstrated he was not part of the conspiracy.

As to the <u>Wade</u> hearing, defendant stated that he "believe[d] that a motion would have shown that [the] identification [of him] was influenced by the police officers in this case."  According to defendant, the witnesses' identifications were "not actually the result of their observations, but instead [were] the result of observations presented to [the witnesses] later by the police and that they caused a substantial likelihood of irreparable misidentification."  Defendant argued, at the very least, he established a prima facie case of IAC, which warranted an evidentiary hearing.

Judge Walsh denied defendant's petition by order dated June 29, 2018.  In her comprehensive written decision that accompanied the order, the judge concluded that defendant failed to meet the two prong test under <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), as adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 49-50 (1987).  Addressing defendant's excessive sentence claim, the PCR judge found that the claim was procedurally barred as the issue was previously considered by us in defendant's direct appeal and, in any event, his contentions about defense counsel's arguments at sentencing were belied by the record.

A-5816-17T4

Turning to the suppression of the text messages, the judge found that defense counsel's suppression motion was "a tactical decision" that "was favorable to defendant," because it prevented defendant from "potentially facing conviction on an additional first-degree charge." Even if defense counsel was deficient, Judge Walsh concluded that defendant failed to demonstrate "a reasonable probability that the result would have been different," as there was evidence that "support[ed] the contention that defendant became aware of the plan, and took part of it" after the codefendants had been texting. The introduction of the text messages would only "support the State's case that a robbery was planned between [two of the codefendants] at its inception" and would not help defendant's case as multiple witnesses attested to defendant's role in the robbery.

On defendant's claim that his trial counsel should have pursued a <u>Wade</u> hearing, Judge Walsh addressed each witness's identification individually. Of the identifications, addressing the two out-of-court identifications, the judge observed that there was no basis in the record to support a finding that had a <u>Wade</u> hearing been conducted, defendant would not have been convicted. The judge noted that one witness knew defendant before the incident, and as to the other, there was no evidence that the police used suggestive procedures in

6

securing the identification that created substantial likelihood of irreparable misidentification. The PCR judge rejected defendant's remaining claims of IAC. this appeal followed.

Defendant presents the following issues for our consideration on his appeal:

> POINT I
>
> THE PCR COURT ERRED IN DETERMINING THAT COUNSEL'S FAILURE TO SEEK A <u>WADE</u> HEARING DID NOT CONSTITUTE INEFFECTIVE ASSISTANCE.
>
> POINT II
>
> THE PCR COURT ERRED IN DETERMINING COUNSEL'S DECISION TO ARGUE TO SUPPRESS TESTIMONY CONCERNING THE TEXT MESSAGES DID NOT CONSTITUTE INEFFECTIVE ASSISTANCE.

We review de novo a decision to deny a petition for PCR where the PCR court did not conduct an evidentiary hearing. <u>State v. Harris</u>, 181 N.J. 391, 419 (2004). Under those circumstances, "it is within our authority 'to conduct a de novo review of both the factual findings and legal conclusions of the PCR court.'" <u>State v. Reevey</u>, 417 N.J. Super. 134, 147 (App. Div. 2010) (quoting <u>Harris</u>, 181 N.J. at 421).

Applying that standard, we agree that Judge Walsh correctly denied defendant's petition, substantially for the reasons expressed in her thoughtful and thorough written decision. We find no merit to any of defendant's contentions to the contrary, and conclude, as did Judge Walsh, that defendant failed to establish a prima facie claim of IAC within the <u>Strickland</u> test. Accordingly, the judge correctly concluded that an evidentiary hearing was not warranted. <u>See</u> <u>State v. Preciose</u>, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5816-17T4